Joel B. Robbins (011065)
Jesse M. Showalter (026628)
Lauren E. Channell (033484)
ROBBINS & CURTIN, P.L.L.C.
301 E. Bethany Home Road, Suite B-100
Phoenix, Arizona 85012-0001
Telephone: (602) 285-0100
Facsimile: (602) 265-0267
reception@robbinsandcurtin.com

Zachary Mushkatel (023377)
MUSHKATEL, ROBBINS & BECKER, PLLC
1529 N. 99th Avenue
Sun City, Arizona 85351-1964
Telephone: (623) 213-7276
Facsimile: (623) 974-4739
firm@phoenixlawteam.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Susana Villanueva Garcia, individually and on behalf of all statutory beneficiaries of J.L.V. and Selia Garcia Castaneda; and Julio Cesar Garcia, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>United States of America,<br><br>Defendant. | No.<br><br>**COMPLAINT**<br><br>**FTCA: Negligence-Wrongful Death**<br><br>(Jury Trial Demanded) |

Plaintiffs complain against Defendant United States of America and allege as follows:

## PARTIES

1. Pursuant to A.R.S. § 12-612, Plaintiff Susana Villanueva Garcia (hereinafter, "Plaintiff") is a proper party to bring this action on behalf of all statutory beneficiaries of J.L.V. and Selia Garcia Castaneda.

2. J.L.V. was a 13-year-old resident of Maricopa County, Arizona at the time of his death on July 15, 2017.

3. Selia Garcia Castaneda was a 57-year-old resident of Maricopa County, Arizona at the time of her death on July 15, 2017.

4. Plaintiff Susana Villanueva Garcia is, and at all relevant times was, a resident of Maricopa County, Arizona. Plaintiff Susana Villanueva Garcia is the surviving mother of J.L.V. and the surviving daughter of Selia Garcia Castaneda.

5. Under A.R.S. § 12-612, Plaintiff Susana Villanueva Garcia is a statutory beneficiary of her late son, J.L.V., and her late mother, Selia Garcia Castaneda.

6. Plaintiff Julio Cesar Garcia is, and at all relevant times was, a resident of Maricopa County, Arizona. He is the surviving son of Selia Garcia Castaneda and is a statutory beneficiary of his late mother under A.R.S. § 12-612. He is also asserting a claim for negligent infliction of emotional distress.

7. Miguel Garcia is also the surviving son of Selia Garcia Castaneda and is a statutory beneficiary of his late mother under A.R.S. § 12-612.

8. Leon Porfirio is the surviving father of J.L.V. and is a statutory beneficiary of his late son under A.R.S. § 12-612.

9. Defendant United States of America is subject to suit for wrongful deaths caused by the negligent and wrongful acts and omissions of its employees while acting within the course and scope of their office or employment, under circumstances where Defendant, if a private person, would be liable to Plaintiffs, under the Federal Tort Claims Act ("FTCA").

**JURISDICTION AND VENUE**

10. This action is premised upon federal causes of action under the FTCA, 28 U.S.C. § 2671, *et seq.*

11. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1346(b) in that this is a claim for damages against the United States of America for deaths caused by the negligent and wrongful acts and omissions of employees of the United States while acting within the course and scope of their employment, under circumstances where Defendant, if a private person, would be liable to Plaintiffs.

12. Susana Villanueva Garcia, Julio Cesar Garcia, and Miguel Garcia each timely served a Form 95, "Claim for Damage, Injury, or Death," upon the appropriate government agency under the FTCA, 28 U.S.C. § 2675 on May 14, 2019. More than six months have elapsed since notice was served upon the government agency, and the claims are deemed denied by operation of statute.

13. Leon Porfirio timely served a Form 95, "Claim for Damage, Injury, or Death," upon the appropriate government agency under the FTCA, 28 U.S.C. § 2675 on June 17, 2019. More than six months have elapsed since notice was served upon the government agency, and the claims are deemed denied by operation of statute.

14. This action is timely under 28 U.S.C. § 2401(b) in that notice of the claim was presented to the appropriate federal agency within two years of accrual, and this action was filed within six months of the running of the six-month period after Claimants presented their claims to the appropriate agency.

15. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), as Defendant does business in this judicial district and the events or omissions giving rise to the claim occurred in this judicial district.

16. All conditions precedent to the filing of this lawsuit have occurred or have been performed.

# GENERAL ALLEGATIONS

**A. The Highline Fire leaves 7,198 acres of charred brush and debris in the Ellison Creek watershed.**

17. Plaintiffs hereby incorporate all preceding paragraphs as if fully set forth herein.

18. On June 25, 1990, lighting struck near Bonita Creek, Payson, Arizona.

19. The resulting fire, named the Dude Fire, burned 25,000 acres of forest.

20. On June 8, 2017, firefighters returned to the forest to battle the Highline Fire, which originated eight (8) miles north of Payson, Arizona.

21. The Highline Fire burned across the Dude Fire's scar and incinerated 7,198 acres of grass, brush, and down and dead trees on the National Forest Service lands in the Mogollon Rim area.

22. Nine hundred fourteen (914) firefighters battled the Highline Fire for two (2) weeks.

23. The fire was finally extinguished near the beginning of the monsoon season which was certain to bring sporadic heavy rain storms to the area.

24. The Highline Fire was located in the watershed for Ellison Creek.

25. The Ellison Creek watershed is located in the Tonto National Forest, which is administered and maintained by the United States Forest Service, an agency of the United States Department of Agriculture.

26. Defendant United States, and its agents and employees, knew that the monsoon storms, which fed into Ellison Creek through adjoining waterways, would also wash debris left over from the Highline Fire into the creek and into the public recreation areas along it.

27. One such public recreation area is the Water Wheel area, a popular and easily-accessed hiking and swimming area with waterfalls, a swimming hole, large boulders, and sheer canyon walls.

28. Water Wheel is marked with signs and designated for public use by the United States Forest Service.

29. Defendant United States, and its agents and employees, knew of the long-term impact of wildfires in the Tonto National Forest and Ellison Creek watershed, including dramatically increased erosion and flash flood risk.

30. Defendant United States, and its agents and employees, also knew that the unique geographical features that drew so many visitors to the Water Wheel area, in conjunction with the Highline Fire burn scar and monsoon rains, created an extreme risk of flash flood activity in the area.

31. The risk of flash floods created by the Highline Fire burn scar and foreseeable monsoon storms constituted an unreasonably and abnormally dangerous condition in the Tonto National Forest, Ellison Creek watershed, and Water Wheel area.

32. Defendant knew or should have known of the dangerous condition and had ample notice and opportunity to remedy the condition, close the recreation area to visitors, or warn visitors of the flash flood danger.

33. Defendant United States, and its agents and employees, knew or should have known that any person trapped or caught in flash flood waters in the Water Wheel area was likely to be seriously injured or killed.

**B. The Garcia family members are tragically trapped and killed in a violent flash flood while celebrating a birthday at the Water Wheel swimming area.**

34. On Saturday, July 15, 2017, members of the Garcia and Garnica families gathered at the Water Wheel, a popular swimming and day use area on Ellison Creek in the Tonto National Forest, to celebrate Maria Raya-Garcia's birthday.

35. The visitors included the Garcia family's matriarch, Selia Garcia Castaneda, four of Selia's children—Julio Cesar Garcia, Maria Raya-Garcia, Maribel Raya-Garcia, and Javier Raya-Garcia)—Julio's wife, eight-year old son, and one-year old daughter, Maria's husband and three young children, Maribel's two-year old daughter, and Selia's grandson, J.L.V.

36. The Water Wheel area was open to the public.

37. At all relevant times, the Garcia family members were invitees on public land.

38. The family played and swam under clear blue skies in part of the Water Wheel called the Cold Springs swimming hole—an area innocuously known as "the beach"—and could not have anticipated the heavy rains that fell eight (8) miles upstream.

39. At 1:45 p.m., the National Weather Service ("NWS") issued a flash flood warning for the region for the remainder of Saturday, as well as Sunday and Monday.

40. The Water Wheel area and Cold Springs swimming hole remained open to the public after the NWS flood alert was issued.

41. Many people, including the Garcia family, remained in the Water Wheel area, apparently unaware of the NWS flood alert.

42. Upon information and belief, there were no warning signs posted in the area regarding the potential for flash flood activity.

43. Without warning, a black wall of water, logs, rocks, mud, and debris descended on the Water Wheel area, moving far too fast for those in its path to escape.

44. Julio Cesar Garcia, his wife, eight-year old son and one-year old daughter were all caught in the flood waters but were able to grab onto trees or rocks and make their way to safety.

45. Julio Cesar Garcia watched helplessly as the rest of his family members were swept away in the flood. He saw his nephew, J.L.V., in the water and reached down to grab his shirt, but a wave struck J.L.V. from behind, and Julio lost his hold on the boy.

46. A total of ten (10) people were swept away by the wall of debris and died in the flood: Selia Garcia Castaneda, Maria Raya-Garcia, her husband and three children, Maribel Raya-Garcia and her daughter, Javier Raya-Garcia, and J.L.V.

47. The United States Forest Service closed this area of Ellison Creek after the deaths of the Garcia and Garnica family members.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

**C. Defendant failed to protect or warn visitors of the extreme flash flood danger, despite knowing visitors would likely be killed if they became trapped in flood waters.**

48. Defendant, through its agents and employees of the United States Forest Service, was aware of the NWS flood alert and knew that the flash flood danger and the residual effects of the Highline Fire posed a serious risk of injury or death to individuals playing or swimming in Ellison Creek and Water Wheel.

49. Upon information and belief, there were no warning signs or systems in place to warn visitors, including the decedents, in the Ellison Creek and Water Wheel areas about the potential for flash flood danger and/or the residual effects of the Highline Fire.

50. Defendant allowed the Water Wheel area to remain open to the public after the NWS alert was issued at approximately 1:45 p.m. on July 15, 2017.

51. As a result of Defendant's negligent, grossly negligent, and/or reckless acts and omissions, Selia Garcia Castaneda, J.L.V., and eight other members of the Garcia and Garnica families were killed in the flash flood.

52. Plaintiff Julio Cesar Garcia was caught in the zone of danger and witnessed his family members being swept away to their deaths, and as a result, he suffered economic and noneconomic damages, including pain and suffering, grief, emotional distress, and loss of enjoyment of life.

53. Plaintiff Susana Villanueva Garcia and all other statutory beneficiaries of Selia Garcia Castaneda and J.L.V. sustained economic and noneconomic damages, including pain and suffering, grief, emotional distress, loss of love and affection, and loss of enjoyment of life.

## COUNT I

### Negligence / Gross Negligence

54. Plaintiffs hereby incorporate all preceding paragraphs as if fully set forth herein.

55. Under the FTCA, Defendant United States of America is the proper defendant for this cause of action.

56. At all relevant times, the decedents were invitees on public lands and had a legal right to be on the premises.

57. Defendant owed a duty to refrain from engaging in negligent, grossly negligent, willful, or malicious action or inaction with respect to the management of its public recreational lands, including the Tonto National Forest, Ellison Creek Watershed, and Water Wheel day use area.

58. Defendant's decision to designate the Water Wheel area for public recreational use was discretionary but, once that decision was made, Defendant and its agents and employees were under a duty to act reasonably to protect and warn visitors of hidden dangers which were known to Defendant and posed a significant risk of serious bodily injury or death.[1] Therefore, Defendant is not entitled to immunity under the "discretionary function" exception to the FTCA, 28 U.S.C. § 2680(a).

59. The flash flood risk and residual effects of the Highline Fire constituted an unreasonably dangerous condition, which Defendant knew or should have known would endanger the lives and safety of invitees such as the decedents.

60. Defendant and its agents and employees breached their duty of care in at least the following ways:

    a. Failing to warn individuals in the Water Wheel area of the potential for flash floods;

    b. Failing to warn individuals in the Water Wheel area of the NWS flood alert that was issued on July 15, 2017;

    c. Failing to close the Water Wheel area to the public after the NWS flood alert was issued on July 15, 2017; and

---

[1] *Boyd v. U.S. ex rel. U.S. Army, Corps of Engineers*, 881 F.2d 895, 898 (10th Cir. 1989) (declining to "extend the veil of discretion so that it covers the failure to warn swimmers" of potential hazards); *George v. United States*, 735 F. Supp. 1524, 1533 (M.D. Ala. 1990) (rejecting the Forest Service's claim that its "decision to do nothing" was discretionary where it failed to warn a visitor of the known presence of a large, dangerous alligator).

        d. Other such acts yet to be discovered.

61. Defendant's failure to warn visitors of the flash flood risk and/or close the Water Wheel area to the public was negligent, grossly negligent, or recklessly indifferent to the health and safety of others because Defendant knew of the flash flood risk and knew that visitors who were caught in flood waters would likely suffer severe injuries or death.

62. Under the doctrine of *respondeat superior*, Defendant is vicariously liable for the misconduct of its agents and employees undertaken within the course and scope of their agency or employment.

63. As a result of Defendant's negligent, grossly negligent, and/or reckless acts and omissions, Selia Garcia Castaneda, J.L.V., and eight other members of the Garcia and Garnica families were killed in the flash flood.

64. Plaintiff Susana Villanueva Garcia and all other statutory beneficiaries of Selia Garcia Castaneda and J.L.V. suffered harms and losses including, but not limited to: (1) the loss of love, affection, companionship, care, protection, and guidance since decedents' deaths and in the future; (2) the pain, grief, sorrow, anguish, stress, shock, and mental suffering already experienced and to be experienced in the future; and (3) economic losses.

## COUNT II

### Wrongful Death

65. Plaintiffs hereby incorporate all preceding paragraphs as if fully set forth herein.

66. Defendant's failure to protect and warn visitors in the Water Wheel area of the flash flood risk was negligent, grossly negligent, reckless, or willful.

67. If decedents' deaths had not ensued, they would have been entitled to maintain an action to recover damages for Defendant's conduct.

68. Pursuant to A.R.S. § 12-611, Defendant is liable to decedents' statutory beneficiaries for decedents' and Plaintiffs' claims and damages.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

69. Pursuant to A.R.S. § 12-612(a), Plaintiff Susana Villanueva Garcia, as the surviving mother of J.L.V. and the surviving child of Selia Castaneda Garcia, is entitled to bring this action for damages.

70. Plaintiff Susana Villanueva Garcia, and all statutory beneficiaries of Selia Castaneda Garcia and J.L.V., are entitled to, at a minimum, compensation for the loss of love, affection, companionship, care, protection, and guidance since decedents' death and in the future; for the pain, grief, sorrow, anguish, stress, shock, and mental suffering already experienced and reasonably probable to be experienced in the future; for the income and services that have already been lost and that are reasonably probable to be lost in the future; for the reasonable expenses of funeral and burial; for the reasonable expenses of necessary medical care and services for the injury that resulted in the death; and for other related damages.

## COUNT III

### Negligent Infliction of Emotional Distress

71. Plaintiffs hereby incorporate all preceding paragraphs as if fully set forth herein.

72. Defendant owed a duty to refrain from engaging in negligent, grossly negligent, willful, or malicious action or inaction with respect to the management of its public recreational lands, including the Tonto National Forest, Ellison Creek Watershed, and Water Wheel day use area.

73. Defendant breached that duty as described in Count I, above.

74. Plaintiff Julio Cesar Garcia was caught in the flood waters and was therefore within the zone of danger and subject to an unreasonable risk of harm.

75. Plaintiff Julio Cesar Garcia witnessed his mother, siblings, and nieces and nephews being trapped in and swept away by the flood.

76. As a result, Plaintiff Julio Cesar Garcia has suffered mental anguish and associated physical symptoms, and he has suffered economic and noneconomic damages, including pain and suffering, grief, emotional distress, and loss of enjoyment of life.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment against Defendant as follows:

    A.    For general damages, including but not limited to the loss of love, affection, companionship, and guidance resulting from decedents' deaths, pain, grief, sorrow, anguish, stress, shock, and mental suffering already experienced and reasonably probable to be experienced in the future;

    B.    For special damages, including but not limited to the expenses of decedents' funerals and burials;

    C.    For pre- and post-judgment interest to the extent permitted by law;

    D.    For attorneys' fees and taxable costs to the extent permitted by law; and

    E.    For such further relief as the Court deems just and proper.

# JURY DEMAND

Plaintiffs demand a trial by jury on all claims and issues so triable.

**RESPECTFULLY SUBMITTED**: January 30, 2020

                          **ROBBINS & CURTIN, p.l.l.c.**

                          By:   /s/Joel B. Robbins
                                Joel B. Robbins
                                301 E. Bethany Home Road, Suite B-100
                                Phoenix, Arizona 85012
                                *Attorneys for Plaintiffs*

                          **MUSHKATEL, ROBBINS & BECKER, PLLC**

                          By:   /s/Zachary Mushkatel
                                Zachary Mushkatel
                                1529 N. 99th Avenue
                                Sun City, Arizona 85351-1964
                                *Attorney for Plaintiffs*

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

**CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Zachary Mushkatel
1529 N. 99th Avenue
Sun City, Arizona 85351-1964
*Co-counsel for Plaintiffs*

/s/ Kimberly M. Gonzalez