**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Susana Villanueva Garcia, et al., | No. CV-20-00220-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

Plaintiffs' Second Amended Complaint asserts three claims against the United States for their relatives' deaths on National Forest land during a flash flood. The matter before the Court is the United States' Partial Motion to Dismiss Plaintiffs' Second Amended Complaint. (Doc. 37.) The United States seeks dismissal of Plaintiffs' negligence claim (Count I) for lack of subject matter jurisdiction, arguing that its sovereign immunity has not been waived for Arizona state law tort claims for simple negligence involving recreational users of public property. The Motion will be granted.

**I.**

Motions to dismiss based on an exception to the Federal Tort Claims Act ("FTCA") are treated as motions to dismiss for lack of subject matter jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1998). While Plaintiff has the burden of showing that it has alleged facts within the FTCA's waiver of immunity, the United States bears the burden of proving the applicability of an exception to the waiver of immunity under the FTCA. *Bailey v. United States*, 623 F.3d 855, 859 (9th Cir. 2010). A court reviewing a motion to

dismiss for lack of subject matter jurisdiction may consider evidence beyond the pleadings and may resolve jurisdictional-related factual disputes without converting the motion to one for summary judgment. *McCarthy*, 850 F.2d at 560.

## II.

The Court has summarized the facts in its previous order. (Doc. 30.) The facts relevant to this order are discussed as part of the analysis that follows.

In general, subject to certain exceptions, Congress has waived the United States' sovereign immunity—

> for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

The United States argues that Arizona's recreational user statute, A.R.S. § 33-1551, classifies Plaintiffs' family members as recreational users of public lands. (Doc. 37 at 10–11.) Under this statute, a recreational user is a person to whom

> permission has been granted or implied without the payment of an admission fee or any other consideration to travel across or to enter premises to hunt, fish, trap, camp, hike, ride, engage in off-highway vehicle, off-road recreational motor vehicle or all-terrain vehicle activity, operate aircraft, exercise, swim or engage in other outdoor recreational pursuits.

A.R.S. § 33-1551(C)(5).

Recreational users are barred from recovering damages for simple negligence. *See id.* § 33-1551(A) (recreational user limited to recovery for "willful, malicious or grossly negligent conduct that was the direct cause of the injury to the recreational [user]"). The United States argues that, under Arizona law, a private person would not be subject to negligence liability under these circumstances. (*See* Doc. 37 at 9–14.) For these reasons,

according to the United States, this Court lacks jurisdiction over Plaintiffs' simple negligence claim. (*Id.* at 14.)

Plaintiffs reject this conclusion. They argue that the recreational user statute does not abrogate their negligence claim because a Forest Service vendor, Recreation Resource Management ("RRM"), collected a $9 per vehicle day use fee for the Water Wheel picnic site. (Doc. 39 at 7–8.) According to the Second Amended Complaint, the Garcias parked at this location and paid the per-vehicle fee. (Doc. 36 ¶¶ 47, 56.) According to Plaintiffs, this fee constitutes an "admission fee or any other consideration" to use the recreation area, including the Cold Springs swimming hole—an exception to the recreational user statute. (Doc. 39 at 6–7.) *See* A.R.S. § 33-1551(C)(5).

In its reply brief, the United States asserts that the $9 fee was charged for visitors to use facilities, such as the picnic site, and for parking. (Doc. 40 at 1–4.) It was not assessed to "travel across or enter premises to . . . swim or engage in other outdoor recreational pursuits," which is the focus of the statute's text. *See* A.R.S. § 33-1551(C)(5). Plaintiffs themselves admit as much. The Second Amended Complaint claims that, "[t]he fee applied to all vehicles, regardless of whether the vehicle's occupants used facilities such as restrooms or picnic tables, and no fee was charged to individuals who hiked or walked into the Water Wheel area." (Doc. 36 ¶ 55.)

The parties do not contest that the Garcia family's destination was the Cold Springs swimming hole for swimming and "other outdoor recreational pursuits." *See* A.R.S. § 33-1551(C)(5); (Docs. 37, 39, 40.) At the time of the tragedy, the Garcias were, therefore, engaged in a recreational pursuit. *See Wringer v. United States*, 790 F. Supp. 210 (D. Ariz. 1992).

Nor do the parties dispute that the Cold Springs swimming hole was accessible to the Garcias, like any other member of the public, without charge. (*See* Docs. 37, 39, 40.) The Water Wheel picnic site is a developed area with vehicle parking, restrooms, and picnic tables. (Doc. 15-2 at 4 ¶ 16, Doc. 15-4 at 11.) Signs posted at the Water Wheel site say "that fees were to be paid for the 'use' of 'certain developed sites and facilities,' which are

'clearly signed or posted as requiring a fee, also referred to as a use fee.'" (Doc. 37 at 3 n.2.; Doc. 20-6 at 1-2 ¶¶ 37-38.)

Cold Springs, in contrast, is an "undeveloped or dispersed recreational site" located "approximately half a mile from the Water Wheel Picnic Site." (Doc. 20-2 at 3 ¶¶ 5-6.) Visitors are not charged an admission fee to access undeveloped National Forest lands including Cold Springs. (*Id.* ¶ 7; Doc. 20-6 at 2 ¶ 39.)And as the United States points out in its Motion (at n.1), the Forest Service is prohibited from charging the public a fee "[f]or general access unless specifically authorized under this section." 16 U.S.C. § 6802(d)(1)(B). The statute also prohibits access fees "[f]or dispersed areas with low or no investment unless specifically authorized under this section." *Id.* § 6802(d)(1)(C). Plaintiffs do not contend that access fees are specifically authorized by any other law. (*See* Doc. 39.)

The Court agrees with the United States that Arizona's recreational user statute bars Plaintiffs' negligence claim. The Court finds that the Water Wheel picnic site and the Cold Springs swimming hole site are separate properties under the recreational user analysis. Any payment by the Garcias was a fee to use amenities at the Water Wheel picnic site. The Garcias had access to Cold Springs without the need to pay an access fee. They were recreational users. The Court need not resolve the other issues presented in the Motion to Dismiss.

## III.

Accordingly, **IT IS ORDERED**:

1. **Granting** the United States of America's Partial Motion to Dismiss Plaintiffs' Second Amended Complaint. (Doc. 37.) Plaintiffs' negligence claim for relief (Count I) is dismissed with prejudice.

2. The oral argument set for Tuesday, November 9, 2021 is **vacated**. The Court finds that the facts and legal arguments were adequately presented in the briefs and in the record. The decisional process would not be significantly aided by oral argument. *See* Fed. R. Civ. P. 78(b); LRCiv 7.2(f).

3.     A Rule 16 scheduling conference will be set by separate order.

Dated this 3rd day of November, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge